IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-02080-PAB-KLM

DARRELL D. HARRIS, also known as Darrell Duane Harris,

Plaintiff,

v.

T. BRADY, Officer, in his individual capacity,
THE CITY OF AURORA,
JOHN MORELAND, in his individual capacity, and
NICHOLAS METZ, in his individual capacity,

Defendants.

---

**ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on the Court's **Order to Show Cause** [#40][1] and on Plaintiff's **Motion for Service Through Publication or Substituted Service** [#41] (the "Motion"). Plaintiff, who proceeds as a pro se litigant,[2] filed a Response [#42] to the Order to Show Cause [#40]. Defendant City of Aurora filed a Response [#43] in opposition to the Motion [#41].

---

[1] "[#40]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order and Recommendation.

[2] The Court must construe liberally the filings of a pro se litigant. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972). In doing so, the Court should not be the pro se litigant's advocate, nor should the Court "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991)). In addition, a pro se litigant must follow the same procedural rules that govern other litigants. Nielson v. Price, 17 F.3d 1276, 1277 (10th Cir. 1994).

As the Court stated in the Order to Show Cause [#40], it has come to the Court's attention that Defendants John Moreland ("Moreland") and Nicholas Metz ("Metz") have not been served in this action and, therefore, are not currently proper parties. Plaintiff filed this civil action on July 30, 2021. *See Compl.* [#1]. The Fourth Amended Complaint [#27] was accepted for filing on May 2, 2022. *Minute Order* [#30]. The United States Marshal was directed to serve Defendants, *see* [#29], based on leave granted by the Court for Plaintiff to proceed in forma pauperis, *see Order* [#4]. Two Defendants were served, *see* [#33, #34], but Defendants Moreland and Metz were not, *see* [#31, #32]. The Process Receipt and Return for these two Defendants simply stated that the Marshal was "unable to locate the individual, company, corporation, etc. named above" at the one address provided by Plaintiff for the both of these Defendants, and that each Defendant was "[n]o longer employed with Aurora." *See* [#31, #32]. In the Order to Show Cause [#40], the Court noted that, while Fed. R. Civ. P. 4(c) requires that the Court effect service for plaintiffs proceeding in forma pauperis, Plaintiff must provide sufficient information for the Court to do so. *See Hill v. Ortiz*, No. 07-cv-00571-LTB-CBS, 2008 WL 2020289, at *6 (D. Colo. May 9, 2008). Thus, Plaintiff was required provide more information to the Court about where Defendants Moreland and Metz are located to enable service to be effected.

Accordingly, the Court ordered Plaintiff to show cause why the Court should not recommend that the case against Defendants Moreland and Metz be dismissed pursuant to Fed. R. Civ. P. 4(m). *Order to Show Cause* [#40]. Plaintiff was directed to file proof of service on these two Defendants, or otherwise respond, in writing, to the Order to Show Cause [#40]. He was warned that failure to serve these Defendants, respond and show good cause for Plaintiff's failure to properly serve these Defendants, or provide a current

address for these Defendants to allow the United States Marshal to effect service, would result in the Court issuing a recommendation to dismiss Plaintiff's action as to these two Defendants.

Plaintiff timely responded to the Order to Show Cause [#40] by filing a Response [#42] as well as the Motion [#41]. The Response [#42] essentially states that Plaintiff has done all that he can to find service addresses for Defendants Moreland and Metz, that Defendant City of Aurora and/or the United States Marshal's Service ("USMS") should be required to find and provide him with their current contact information, and that his simultaneously filed Motion [#41] seeking service by publication and/or substitute service should be granted.

First, regarding the USMS, the Court does not necessarily read Plaintiff's Response [#42] and Motion [#41] the same way that Defendant City of Aurora does. *Response* [#43] at 3-4. Defendant City of Aurora appears to read the Motion [#41] as asking the USMS to find address information at which Defendants Moreland and Metz might be served, based on Plaintiff previously providing the USMS with one address at which to serve these two Defendants, i.e., the address of their former employer. *Id.* However, to the extent that Plaintiff *is* making such a request, Defendant City of Aurora is correct that the USMS has no duty to search for addresses at which Defendants Moreland and Metz might be served. *See Pemberton v. Patton*, 673 F. App'x 860, 864 (10th Cir. 2016); *Fields v. Okla. State Penitentiary*, 511 F.3d 1109, 1113 (10th Cir. 2007); *Hill v. Ortiz*, No. 07-cv-00571-LTB-CBS, 2008 WL 2020289, at *6 (D. Colo. May 9, 2008).

Second, regarding the City of Aurora, Plaintiff provides no legal authority, and the Court is aware of none, requiring a former employer to voluntarily search for and provide

the current contact information of its former employees. *See, e.g.*, *Melnick v. Johnston*, No. 19-cv-00154-CMA-KLM, 2022 WL 1271752, at *2 (D. Colo. Jan. 11. 2022) ("Moreover, to the extent that Plaintiff requests that defense counsel or [Defendants' former employer] should be required to voluntarily provide addresses for Defendants [to effect service], Plaintiff has cited no authority for this request and it is denied."). As Defendant City of Aurora states, this is especially true where, as here, "Plaintiff has not made a showing that he has even tried to locate [Defendants] Moreland and/or Metz" through any means beyond attempting to serve their former employer. While there *may* be extraordinary situations where the Court might require a former employer to find its former employees, the Court finds that the current circumstances of this case do not meet that high bar.

Third, regarding service by publication, Defendant City of Aurora is correct that Colorado law only permits service by publication in proceedings in rem. *Response* [#43] at 5. Specifically, Colorado Rule of Civil Procedure 4(g) provides that service by publication may be made "only in actions affecting specific property or status or other proceedings in rem." *See* Fed. R. Civ. P. 4(e)(1) (stating that an individual may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made"). The current action is a civil rights action and is not in rem. *See* Black's Law Dictionary (11th ed. 2019) (defining "in rem" as "[i]nvolving or determining the status of a thing, and therefore the rights of persons generally with respect to that thing"); *see also Hanscom v. Hanscom*, 39 P. 885, 885 (1895) (stating that "service by publication may be allowed, and . . . shall be made only in cases of attachment, foreclosure, claim and delivery, divorce, or other proceeding where specific property is to be affected, or the procedure is such as is known as a proceeding

in rem”). Thus, Plaintiff’s request for service by publication must be denied.

Fourth, regarding substitute service, Plaintiff asks the Court to authorize substitute service on Defendants Moreland and Metz through counsel for Defendant City of Aurora, given that the City of Aurora is their former employer and employed them at the time the incident underlying this lawsuit took place. *Motion* [#41] at 6. However, Defendant is correct that substitute service is generally only granted as a last resort after the plaintiff has shown that he has used due diligence to otherwise serve the defendant. *See, e.g.*, *Minshall v. Johnston*, 417 P.3d 957, 960 (Colo. App. 2018); *Owens v. Tergeson*, 363 P.3d 826, 826 (Colo. App. 2015). In fact, although not exclusively, substitute service is often permitted under circumstances where the defendant appears to be evading service—a circumstance about which there is no evidence here. *See, e.g.*, *Brand Q, Inc. v. All About Uniforms, Inc.*, No. 22-cv-01423-WJM-MDB, 2022 WL 14155979, at *2 (D. Colo. Oct. 24, 2022). Plaintiff has not made any showing regarding how he has attempted to find Defendants’ addresses. There is also no indication on the docket that he has continued his attempts to locate addresses for Defendants since the time his Motion [#41] was filed in July 2022. Thus, the Court finds that substitute service is not appropriate.

Despite the fact that Plaintiff responded to the Order to Show Cause [#40], his Response [#42] is deficient as it fails to show that service on Defendant Metz and/or Defendant Moreland has been effected or will be possible in the future. At this stage, it is clear that Plaintiff cannot provide the necessary information to effect service on either of these Defendants. *See Response* [#42] at 2 (“The Plaintiff is without knowledge or information as to the current address of these two individual Defendants . . . . [and] certifies that all reasonable efforts and diligence have been taken to locate the whereabouts of

these two additional Defendants to no avail . . . .").

Although the Court may extend the time for a plaintiff to serve a defendant even without a showing of good cause, *Espinoza v. United States*, 52 F.3d 838, 840-41 (10th Cir.1995), the Court is not inclined to do so here. The case against Defendants Metz and Moreland has been pending since July 2021. Plaintiff failed to effect service of either Defendant within the 90-day period provided by Fed. R. Civ. P. 4(m), failed to show that service by publication or substitute service is appropriate, and failed to provide good cause for the Court to find that an opportunity exists to cure the service deficiency in the future. Further, Plaintiff was warned in advance that the penalty for the inability to serve or for failing to provide good cause for the service delay would be dismissal of the unserved Defendants. *Order to Show Cause* [#40] at 2; *see generally Raeth v. Bank One*, No. 05-cv-02644-WDM-BNB, 2008 WL 410596, at *3 & n. 4 (D. Colo. Feb. 13, 2008). Regardless of Plaintiff's desire to keep Defendants Metz and Moreland in his case and have them respond to the claims asserted against them, neither can be accomplished without service. Thus, the Court considers whether Plaintiff's lawsuit should be dismissed pursuant to Fed. R. Civ. P. 41(b) as to Defendants Metz and Moreland. *See Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151 (10th Cir. 2007) (noting that a district court has inherent authority to consider sua sponte whether a case should be involuntarily dismissed). As discussed below, the Court finds that it should be.

Typically, the Court is inclined to recommend dismissal without prejudice under circumstances such as these where a plaintiff is unable or unwilling to adequately prosecute his claims against a particular defendant early in the litigation process, because

dismissal with prejudice "represents an extreme sanction appropriate only in cases of willful misconduct," and should be used "as a weapon of last, rather than first, resort." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992); *see Butler v. Butierres*, 227 F. App'x 719, 720 (10th Cir. 2007) (remanding dismissal with prejudice for determination of willfulness). In some circumstances, however, dismissal without prejudice effectively serves as a dismissal with prejudice due to the statute of limitations. Here, Plaintiff's claims may be barred by the statute of limitations if dismissed. *See generally Am. Compl.* [#27]; *Def. Brady's Motion to Dismiss* [#39] at 7 (stating that Plaintiff's arrest occurred on August 1, 2019); *Braxton v. Zavaras*, 614 F.3d 1156, 1159 (10th Cir. 2010) (stating that the statute of limitations for § 1983 actions brought in Colorado is two years from the time the cause of action accrued).

The Court ultimately recommends dismissal without prejudice, as discussed below, and the Court typically need not examine the factors outlined in *Ehrenhaus v. Reynolds* where dismissal is without prejudice. *See Banks v. Katzenmeyer*, 680 F. App'x 721, 724 (10th Cir. 2017) (stating that the *Ehrenhaus* analysis is not necessary where dismissal under Rule 41(b) is without prejudice). However, given that Plaintiff's claims may be barred by the statute of limitations, and given that dismissal of the claims may therefore act, in full or in part, as dismissal with prejudice, the Court nevertheless examines the *Ehrenhaus* factors out of an abundance of caution.

In *Ehrenhaus*, 965 F.2d at 921, the Court of Appeals for the Tenth Circuit enumerated the factors to be considered when evaluating grounds for dismissal of an action: "(1) the degree of actual prejudice to the defendant[s]; (2) the amount of

interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *See also Gates Rubber Co. v. Bando Chems. Indus.*, 167 F.R.D. 90, 101 (D. Colo. 1996). "[D]ismissal is warranted when 'the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits.'" *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1144 (10th Cir. 2007) (quoting *Ehrenhaus*, 965 F.2d at 921).

**A. Prejudice to Defendants**

After carefully reviewing the case file, the Court finds that Defendant Metz and Moreland have not *presently* incurred any prejudice, although they certainly could incur prejudice if they were brought into this lawsuit in the future, given that the more time passes during which each Defendant has no knowledge of this lawsuit, the more that memories of the incident will have faded. Although not entirely clear, it appears that this arrest occurred more than three years ago already. This type of extended delay prejudices Defendants' ability to fully litigate this lawsuit, given that lengthy delays of this nature allow "memories to fade and documents to disappear." *Trump v. Vance*, 140 S. Ct. 2412, 2430 (2020). The Court's inability to hold a Scheduling Conference at this time, and thus the delay in commencement of the discovery period, additionally prejudices Defendants' ability to litigate this case. However, given that this likely prejudice has not actually occurred yet because these Defendants have not been served, the Court finds that this factor weighs no more than slightly in favor of dismissal of Plaintiff's claims.

**B. Interference with the Judicial Process**

The Court finds that the effective administration of justice has necessarily been interfered with as a result of Plaintiff's multiple opportunities to fully litigate his lawsuit against these two Defendants since the inception of this case and his failure to do so. First, the Court has frequently needed to review the case file and has issued a number of orders in connection with this case, which necessarily increases the workload of the Court and takes its attention away from other matters deserving of prompt resolution of their issues. "This [Order and Recommendation] is a perfect example [of additional work created for the Court], demonstrating the substantial time and expense required to perform the legal research, analysis, and writing to craft this document." *Lynn v. Roberts*, No. 01-cv-3422-MLB, 2006 WL 2850273, at *7 (D. Kan. Oct. 4, 2006). Plaintiff's failure to timely litigate his case against these two Defendants by failing to provide sufficient information so they can be served has long delayed the start of discovery in this case, which was filed on July 30, 2021. "The justice system is clogged as new cases arise while old cases are still on the dockets." *United States v. Lutcher*, No. 4:20-cr-00022-DN-DBP, 2020 WL 6434790, at *2 (D. Utah Nov. 2, 2020). Accordingly, the Court finds that this factor weighs in favor of dismissal of Plaintiff's claims.

**C. Culpability of Plaintiff**

Here, there is no indication that any party or non-party other than Plaintiff is responsible for the current state of this lawsuit, including any delays resulting in Defendant Metz and Defendant Moreland not being served. Accordingly, the Court finds that this factor weighs in favor of dismissal of Plaintiff's claims against them.

**D. Advance Notice of Sanction of Dismissal**

In the Order to Show Cause [#40], Plaintiff was warned that "[f]ailure to serve these Defendants, respond and show good cause for Plaintiff's failure to properly serve these Defendants, or provide a current address for these Defendants to allow the United States Marshal to effect service, will result in this Court issuing a recommendation to dismiss Plaintiff's action as to these two Defendants." *Order to Show Cause* [#40] at 2. Although Plaintiff is proceeding pro se, he is required to read and follow the rules and orders of the Court. *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992). Thus, it should be no surprise to Plaintiff that his failure to serve these two Defendants could result in dismissal of his claims against them. Accordingly, the Court finds that this factor does not prevent a recommendation that Plaintiff's claims be dismissed.

**E. Efficacy of a Lesser Sanction**

Finally, the Court concludes that no sanction less than dismissal would be effective. Nothing in the record before the Court suggests that, if given more time, Plaintiff would be able to serve these Defendants. *See Response* [#42] at 2. Allowing further opportunities is likely to be ineffective based on the current record. Further, a monetary sanction would be ineffective because it would bear no relationship to the issue at the heart of this Recommendation. Under these circumstances, no lesser sanction is warranted and dismissal is the appropriate result. Accordingly, the Court finds that this factor weighs in favor of dismissal of Plaintiff's claims.

Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#41] is **DENIED**.

IT IS FURTHER **ORDERED** that the Order to Show Cause [#40] is **MADE**

**ABSOLUTE**.

IT IS FURTHER **RECOMMENDED** that all claims against Defendants John Moreland and Nicholas Metz be **DISMISSED without prejudice**.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: December 27, 2022

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge