IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 21-cv-02080-PAB-KLM

DARRELL D. HARRIS, also known as Darrell Duane Harris,

    Plaintiff,

v.

THE CITY OF AURORA,
T. BRADY, Officer, in his individual capacity,
JOHN MORELAND, in his individual capacity, and
NICHOLAS METZ, in his individual capacity,

    Defendants.
_____

**ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATIONS**
_____

This matter is before the Court on the Recommendation of United States Magistrate Judge [Docket No. 57] and the Order and Recommendation of United States Magistrate Judge [Docket No. 58]. The Court has jurisdiction under 28 U.S.C. § 1331.

## I. BACKGROUND

The facts are set forth in the magistrate judge's recommendation, Docket No. 57 at 2-3, and the Court adopts these facts for the purposes of ruling on the objections. In his fourth amended complaint, plaintiff Darrell Harris asserts three claims under 42 U.S.C. § 1983 against defendants City of Aurora ("Aurora"), Officer Brady, John Moreland, and Nicholas Metz: 1) unreasonable search and seizure; 2) excessive force; and 3) a due process violation. Docket No. 27 at 9-13. He also asserts a claim under state law for "gross negligence." *Id*. at 13-15.

The first recommendation addresses the motions to dismiss filed by Aurora and Officer Brady.  Docket No. 57 at 1.  The magistrate judge recommends that Mr. Harris's § 1983 claims against Officer Brady be dismissed without prejudice for failure to adequately allege that Officer Brady violated plaintiff's constitutional rights.  *Id*. at 9-11.  The magistrate judge also found that Mr. Harris failed to adequately plead a claim for municipal liability against Aurora and recommends that all constitutional claims be dismissed against Aurora with prejudice due to plaintiff's failure to cure the deficiencies in his complaint despite numerous instructions from the Court.  *Id*. at 11-14.  The magistrate judge recommends dismissal of the state law claims without prejudice due to the Court's lack of subject matter jurisdiction.  *Id*. at 15.

The second recommendation addresses the Court's Order to Show Cause [Docket No. 40] and plaintiff's Motion for Service Through Publication or Substituted Service [Docket No. 41].  *See* Docket No. 58 at 1.  Defendants John Moreland and Nicholas Metz have not been served in this action.  *Id*. at 2.  The magistrate judge denied plaintiff's request to serve Mr. Moreland and Mr. Metz via publication or substituted service.  *Id*. at 4-5.  The magistrate judge recommends that all claims against Mr. Moreland and Mr. Metz be dismissed without prejudice under Fed. R. Civ. P. 4(m) due to plaintiff's failure to effectuate service of either defendant within the ninety-day period and plaintiff's failure to provide good cause for the delay.  *Id*. at 6, 11.

II. **LEGAL STANDARD**

The Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  An objection is "proper" if

it is both timely and specific. *United States v. One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996). A specific objection "enables the district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *Id*.

In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). The Court therefore reviews the non-objected to portions of a recommendation to confirm there is "no clear error on the face of the record." Fed. R. Civ. P. 72(b), Advisory Committee Notes. This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review. Fed. R. Civ. P. 72(b). Because Mr. Harris is proceeding *pro se*, the Court will construe his objections and pleadings liberally without serving as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

### III. ANALYSIS

Both recommendations state that any objections must be filed within fourteen days after service on the parties. Docket No. 57 at 15-16; Docket No. 58 at 11; *see also* 28 U.S.C. § 636(b)(1)(C). The defendants have not objected to the recommendations. On January 10, 2023, Mr. Harris mailed a letter to the Court, which the Court received

on January 12, 2023. Docket No. 59. The letter references Magistrate Judge Mix and "a very nice opinion [she has] given as a final decision." *Id*. at 1. The letter does not reference the docket number of the magistrate judge's decision. *See generally id*. Because Mr. Harris is proceeding *pro se*, the Court construes this letter as an objection to the magistrate judge's recommendations, Docket Nos. 57-58. *See Hall*, 935 F.2d at 1110. Mr. Harris's objection states in relevant part

> To Ms .. Kirsten Mix .... That is a very nice opinion you have given as a final decision however as the claimant entered this matter you and or any of your cronies were DEMANDED to place wet ink signatures on the instruments you passed thru the USPS as it relates to this matter. You failed to [do] so and have made a fictitious judgement against the claimants person without doing due diligence to the facts of matter. The claimant has DEMANDED A JURY OF HIS PEERS IN WRITING. SIGN IT IF YOU OBJECT.
>
> You have also failed to provide proper State and or Federal seals on any of the paperwork you passed. You know you are operating in fraud down here and we DEMAND YOU TO PLACE W[E]T INK WITH PROPER SEALS AND STAMPS ON ANY INSTRUMENT DIRECTED AT THIS CLAIMANT…YOU HAVE 10 DAYS FROM RECEIVING THIS INSTRUMENT TO PROVIDE THIS NOW OR YOU MUST VACATE THIS MATTER AT ONCE AND BE DEEMED IRRELEVANT ... AS WELL AS BE SOUGHT BY THE U.S POSTAL COURT.
>
> WE EAGERLY AWAIT YOUR SIGNATURE IN WET INK AS WELL AS PROPER SEALS AND STAMPS TO SHOW CURRENT PROPER STATUS .... NOT A LOW CLASS CROOK! MAYBE YOU FORGOT AND PHOTO COPIED IT...RIGHT???.....You ARE AND HAVE BEEN PUT ON NOTICE; AND ARE ON TH[E] CLOCK!!!!! You have 10 days to put some real ink on it … or BE DISPELLED; AND MOVE TH[E] MATTER TO A COMPETENT PUBLIC SERVANT WHO WILL DO SO ... YOUR OFFER IS NOT ACCEPTED.

Docket No. 59 at 1.

The Court construes this objection as raising two arguments: 1) the magistrate judge is required to sign orders in "wet ink" and place seals and stamps on the orders;

and 2) Mr. Harris is entitled to a jury of his peers. *See id*. The Court reviews these objections *de novo*.

Mr. Harris fails to provide any legal authority to support his first objection. *See generally id*. Rule 72(b) of the Federal Rules of Civil Procedure outlines the requirements for a magistrate judge's review of dispositive motions. Fed. R. Civ. P. 72(b). Rule 72(b)(1) requires the magistrate judge to "enter a recommended disposition" and the clerk to "promptly mail a copy to each party;" however, the rule contains no requirement of wet ink signatures, seals, or stamps. *Id*. No Supreme Court or Tenth Circuit precedent requires district courts to utilize wet ink signatures, seals, or stamps on judicial orders or recommendations. The Local Rules of the United States District Court for the District of Colorado similarly do not require wet ink signatures, seals, or stamps on judicial orders or recommendations. *See generally* D.C.COLO.LCivR. The magistrate judge's recommendations are not "fictitious" as Mr. Harris asserts due to the lack of wet ink signatures, seals, or stamps. *See* Docket No. 59 at 1. As a result, the Court overrules Mr. Harris's first objection.

In the second objection, Mr. Harris states he has "demanded a jury of his peers." *Id*. The Court construes this objection as arguing that Mr. Harris's case cannot be dismissed under Fed. R. Civ. P. 12(b)(6) because he is entitled to a jury. The Tenth Circuit has repeatedly held, however, that judges can dismiss a case at the pleading stage or at the summary judgment stage without violating the Seventh Amendment right to a jury trial. *Sutton v. Leeuwen*, 708 F. App'x 514, 517 (10th Cir. 2017) (unpublished) (citing *Shannon v. Graves*, 257 F.3d 1164, 1167 (10th Cir. 2001); *Smith v. Kitchen*, 156

F.3d 1025, 1029 (10th Cir. 1997) ("The district court's dismissal of Smith's complaint under Rule 12(b)(6) did not violate Smith's right to a jury trial under the Seventh Amendment: When Smith failed to plead any facts that would overcome the defendants' complete defenses, there were no facts to be 'tried' by a jury.")).  The magistrate judge recommended granting Aurora's and Officer Brady's motions to dismiss, finding that Mr. Harris failed to plead constitutional claims against either defendant.  Docket No. 57 at 9-14.  Dismissal of the fourth amended complaint therefore does not violate Mr. Harris's right to a jury trial.  *See Sutton*, 708 F. App'x at 517.  Accordingly, the Court overrules Mr. Harris's second objection.

Mr. Harris has not objected to any specific legal conclusions in the magistrate judge's recommendations.  The Court has reviewed the recommendations to satisfy itself that there are "no clear error[s] on the face of the record."  *See* Fed. R. Civ. P. 72(b), Advisory Committee Notes.  Based on this review, the Court has concluded that the recommendations are a correct application of the facts and the law.

### IV. CONCLUSION

Accordingly, it is

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 57] is **ACCEPTED**.  It is further

**ORDERED** that the Order and Recommendation of United States Magistrate Judge [Docket No. 58] is **ACCEPTED**.  It is further

**ORDERED** that plaintiff's letter [Docket No. 59], construed as an objection to Docket Nos. 57 and 58, is **OVERRULED**.  It is further

ORDERED that Defendant City of Aurora's Motion to Dismiss Plaintiff's Fourth Amended Complaint [Docket No. 38] is **GRANTED**.  It is further

ORDERED that Defendant Brady's Motion to Dismiss Plaintiff's Fourth Amended Complaint [Docket No. 39] is **GRANTED**.  It is further

ORDERED that plaintiff's federal claims against defendant Brady are **dismissed without prejudice**.  It is further

ORDERED that plaintiff's federal claims against defendant City of Aurora are **dismissed with prejudice**.  It is further

ORDERED that plaintiff's state law claims are **dismissed without prejudice** for lack of subject matter jurisdiction.  It is further

ORDERED that all claims against defendants John Moreland and Nicholas Metz are **dismissed without prejudice**.  It is further

ORDERED that this case is closed.

DATED March 16, 2023.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge